## MARY TOOMEY *vs.* BRIDGET McLEAN.

A., being in possession of land as tenant paying rent, took an assignment of a mortgage thereon to himself, and from that time remained in possession, claiming to be the absolute owner, for three years, when he conveyed the premises to B. by a quitclaim deed, in which he described them as "now in the possession and seisin of me." Before this conveyance, A. assigned the mortgage to secure a debt, and after the conveyance B. paid the debt. *Held,* that A.'s widow was not entitled to maintain a writ of dower against B.

WRIT OF DOWER, in which the demandant, as widow of Daniel Toomey, claimed dower of land in Springfield. Trial in the superior court, before *Devens,* J., who reported the case for the determination of the demandant's right of dower on these facts ·

" The tenant is in possession of the premises under a quitclaim deed from the demandant's husband, dated August 13, 1856," by which the husband conveyed " all the right, title and interest which I now have to a certain messuage now in the seisin and possession of me," being the demanded premises. " The husband was in possession of the premises as tenant, paying rent therefor, prior to June 20, 1853, when he took an assignment of a mortgage thereon to himself, and from that time, until the convey-

ance to the tenant aforesaid, he remained in possession thereof, claiming to be the absolute owner, and without interference or objection from any one. On June 20, 1855, the husband assigned the mortgage to the Springfield Loan Fund Association. The debt, to secure which the mortgage was assigned to the loan fund association, was paid by the tenant after the deed to her, but the assignment has never been reassigned or discharged."

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the demandant.

*C. A. Winchester*, for the tenant.

WELLS, J. The case finds that the tenant is in possession of the premises under a deed of quitclaim from the husband of the demandant, who, at and before the time of making the deed, was himself in possession, claiming the absolute title. The widow of the grantor of land, so held and conveyed, is entitled to dower, as against the grantee. *Hale* v. *Munn*, 4 Gray, 132.

The tenant contends that, as her grantor had no title until he purchased the mortgage, and does not appear to have acquired any other title afterwards, he must be held to have had possession under and in accordance with his legal title; and to have intended, by his deed of quitclaim, after transferring his mortgage in pledge, to convey to the tenant only his remaining interest in the mortgage. We think the statement in the report must be understood to imply that, at the time of making the deed, he claimed and undertook to convey, and the tenant to acquire, a possessory and absolute interest, and not merely the right to take the mortgage by redeeming it from the pledge. But the estate was subject to this mortgage before the husband claimed to have any title. It does not appear that he ever acquired any title superior to the mortgage title ; nor that he ever in fact became owner of the equity, so as to work a merger. If he could disseise the mortgagor, while he held the mortgage, his disseisin would be liable to be defeated ; and therefore his interest to retain the mortgage to protect his possession would prevent a merger. But his mere " claiming to be the absolute owner," while he held the mortgage, would not make a disseisin ; and the case shows no other evidence of disseisin, in fact. Whatever title,

other than his interest in the mortgage, he claimed to hold when he made the deed, must therefore have been obtained after his transfer of the mortgage to the loan fund association.

That transfer, in pledge, did not create a new incumbrance upon the land. It was a transfer of a subsisting mortgage, the possession of which by the husband conferred no right of dower upon the wife. It passed to the loan fund association as a valid subsisting security, to which any other right that Toomey then had, or afterwards acquired, was legally subject. *Evans* v. *Kimball*, 1 Allen, 240. His deed to the tenant conveyed not only whatever title or right, other than the mortgage, the grantor then possessed, but also his right to resume the mortgage title upon payment of the sum for which it was pledged. That sum the tenant has paid; and by the terms of the assignment in pledge, and the operation of her deed from Toomey, the mortgage title thereupon reverted to her. It does not appear that the tenant paid the amount due to the loan fund association by virtue of any arrangement by which she became bound to pay it as her own debt. Apparently it was paid simply as a means of completing her title. The original mortgage debt is not paid. The payment by the tenant was a performance of the condition upon which the mortgage would become vested in her, and the note also to the extent of the amount for which it was held in pledge. She may stand upon that, as her title, if she chooses, and thus defeat the claim of dower until redemption is made. *Strong* v. *Converse*, 8 Allen, 557. *McCabe* v. *Bellows*, 7 Gray, 148. The defence of this suit is an election so to hold under the mortgage title ; and as against the mortgagee and those claiming under him there is no right of dower. Gen. Sts. *c*. 90, § 2.

*Judgment for the tenant.*